IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>    Plaintiff,<br><br>v.<br><br>GREG HARTLEY, CHASE HUGHES, BODYLANGUAGETACTICS.COM, SCOTT ROUSE, and IDEA BANG, LLC,<br><br>    Defendants. | Civil Action No. 5:24-cv-00081-CAR |

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION TO COMPEL DISCOVERY

COME NOW Defendants Greg Hartley, Chase Hughes, Bodylanguagetactics.com, improper defendant, Scott Rouse, and Idea Bang, LLC, improper defendant, ("Defendants"), by and through the undersigned counsel, hereby file this Brief in Opposition to Plaintiff's Motion to Compel and shows this Court as follows:

### I. PROCEDURAL HISTORY

Plaintiff filed his Original Complaint ("OC") on November 24, 2023 as this matter had been transferred from the Northern District Court of Georgia. Dkt. 1, generally. Defendants waived service and filed their Original Answer ("OA") on July 24, 2024. Dkt. 18-23, 30. On August 13, 2024, Plaintiff filed his FAC and Plaintiff's First Interrogatories and Request for Documents to Defendants. Dkt. 41-

- 2 -

44. Pursuant to Fed. R. Civ. P. 16 and 26(f), the parties were required to have a pretrial conference and file their proposed Scheduling Order and Discovery Plan (SODP) using the Court's Form by August 29, 2024. Dkt. 37, 37-1. In light of Plaintiff's current incarceration, the parties were unable to confer, therefore Defendants submitted their proposal to the Scheduling Order and Discovery Plan on September 6, 2024. Dkt. 46-1. On this same date, the Court granted Plaintiff's Motion to extend time to file his proposal, thus making his due by October 7, 2024. Dkt. 46. Plaintiff then filed a Letter to the Court on October 8, 2024, purporting to be exempt from this Court's requirement of submitting a proposed SODP. Dkt. 51. Defendants filed their Motion to Dismiss and Motion to Stay Discovery on October 15, 2024. Dkt 54-55. This Court granted Defendants' Motion to Stay Discovery on October 22, 2024 thereby pending all discovery and case management deadlines until its ruling on Defendants Motion for Judgment on the Pleadings. Dkt. 59. Plaintiff failed to comply with the Court's second deadline and eventually sent his scheduling order and discovery plan proposal which was entered on October 30, 2024. Dkt 61-5. Plaintiff filed the instant Motion to Compel Discovery on November 1, 2024. Dkt. 62. Defendants' Motion for Judgment on the Pleadings is still pending with this Court. Dkt. 54. Lastly, a Scheduling Order and Discovery Plan has yet to be entered. See Court docket generally.

## II.     ARGUMENT AND CITATION OF AUTHORITY

District courts are afforded "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)(citing *Chudasama v. Mazda Motor Co.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("district courts enjoy broad discretion in deciding how best to manage the cases before them"); *McCutcheon*, 86 F.3d at 190 (noting the "broad discretion which is allowed a trial court to manage its own docket"); *Hinson v. Clinch County, Ga., Bd. of Educ.*, 231 F.3d 821, 826 (11th Cir. 2000) (concluding that the district court did not abuse its discretion in denying motion to compel production where plaintiff did not file the motion to compel until after the parties had briefed their dispositive motions).

In the face of a pending motion to dismiss, Plaintiff files his motion to compel discovery albeit after this Court has issued an Order to stay discovery until a ruling on Defendants' motion to dismiss, thereby making his motion untimely.  Plaintiff continues to blatantly disregard this Court's orders and requirements as laid out pursuant to all applicable rules, therefore his motion to compel should be denied.

Furthermore, Plaintiff has not followed the required protocol prior to filing his Motion to Compel Discovery, therefore his Motion should be denied.

**A. Discovery is stayed pursuant to this Court's Order**

This Court entered an Order thereby staying discovery pending its ruling on Defendants' Motion for Judgment on the Pleadings. Dkt. 59. Therefore, Plaintiff's Motion to Compel should be denied.

**B. Plaintiff will not be prejudiced and unnecessary costs and expenses will be avoided**

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. *See, e.g., Habib v. Bank of Am. Corp.*, No. 1:10-cv-04079-SCJ-RGV, 2011 U.S. Dist. LEXIS 69858, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing *Chudasama*, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue

expense to both parties."); *Berry v. Canady*, No. 2:09-cv-765-FtM-29SPC, 2011 U.S. Dist. LEXIS 27088, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

Out of a concern for judicial efficiency, time, cost, and expenses to all involved in the Instant matter, discovery should not be had until this Court has made a ruling on Defendants Motion for Judgment on the Pleadings. For this reason alone, Plaintiff's Motion to Compel should be denied.

### C. Plaintiff failed to comply with Federal Rule of Civil Procedure 16(b)(3)(B)(v)

Pursuant to Rule 16(b)(3)(B)(v), the movant must request a conference with the court before filing a motion to compel and more specifically this Court requires that "If a party not represented by counsel believes that it would be appropriate to have a telephone conference with the Court to discuss the Proposed Order or discovery issues, please contact Ms. Lillie via email to schedule a telephone conference". Dkt. 37, Pg 4-5. Plaintiff called undersigned counsel and left a voice message. However, Plaintiff failed to provide a call back number so that undersigned counsel could discuss Defendants objections to Plaintiff's discovery. Plaintiff has failed to adhere to Rule 16(b)(3)(B)(v), therefore his Motion to Compel should be denied.

### D. Plaintiff is not entitled to Attorney Fees

Plaintiff is proceeding pro se, without an attorney, therefore he is not entitled to recover attorney's fees. *See Demido v. Wilson*, 261 Ga. App. 165, 582 S.E.2d 151, 155 (Ga. Ct. App. 2003) ("[a]s a pro se litigant who was not an attorney, Demido was not entitled to recover attorney fees". As in *Demido*, Plaintiff is pro se and is not entitled to attorney fees. Additionally, Plaintiff's request for Attorney Fees is unsupported by caselaw and therefore should be denied.

### III.   CONCLUSION

Based on the foregoing, Plaintiff's Motion to Compel Discovery and Attorney Fees' should be denied.

Respectfully submitted this 14th day of November, 2024.

        **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

        */s/ Pamela Grimes*
        Pamela Grimes
        Georgia Bar No. 784124
        *Counsel for Defendants*

3348 Peachtree Road, NE
Suite 1400
Atlanta, GA  30326
470-419-6650 (telephone)
470-419-6651 (facsimile)
pamela.grimes@wilsonelser.com

- 7 -

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1(c). This filing has been prepared using size 14 Times New Roman font.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ Pamela Grimes*
Pamela Grimes
Georgia Bar No. 784124
*Counsel for Defendants*

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing ***DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION TO COMPEL DISCOVERY*** with the Clerk of Court using the CM/ECF system and by depositing a copy of same via Certified Mail, postage prepaid, addressed as follows:

> Caleb L. McGillvary, Pro se
> #1222665/SBI #102317G NJSP
> P.O. Box 861
> Trenton, NJ 8625-0861

This 14th day of November, 2024.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ Pamela Grimes*
Pamela Grimes
GA Bar No. 784124
*Counsel for Defendants*

304327078v.2